IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKSON NATIONAL LIFE INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>  v.<br><br>BI BI LIM, *et al*.,<br><br>      Defendants. | CASE NO.  1:23-CV-00442-CDB<br><br>ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO DEPOSIT PROCEEDS, FOR ATTORNEY'S FEES AND COSTS, FOR DISCHARGE FROM LIABILITY, AND FOR DISMISSAL WITH PREJUDICE<br><br>(Doc. 33) |

  Pending before the Court is Plaintiff Jackson National Life Insurance Company's ("Plaintiff") motion for leave to deposit proceeds, for attorney fees and costs, for discharge from liability, and dismissal with prejudice (Doc. 33), the partial opposition of Defendants Bi Bi Lim, Winston Lim,[1] Celestine Lim, Venancio Lim, Peterson Lim, and Willie Lim (hereinafter collectively "Lim Defendants") (Doc. 37), and Plaintiff's reply (Doc. 38).[2]  For the reasons set forth herein, Plaintiff's motion shall be GRANTED IN PART and DENIED IN PART.

---

[1] On June 16, 2023, Plaintiff filed a notice of suggestion of death as to Defendant Winston Lim. (Doc. 17).  By separate order of this same date, the Court will direct the parties to make a supplemental filing concerning the notice of suggestion of death.

[2] On September 28, 2023, the parties consented to the jurisdiction of the United States Magistrate Judge and the action has been reassigned to Magistrate Judge Christopher D. Baker for all purposes pursuant to 28 U.S.C. § 636(c)(1).  (Doc. 30).

1

**Background**

On or around October 4, 1993, Plaintiff issued an Ultimate I Non-Smoker whole life policy bearing policy number 0022443560 (the "Policy") to Caroline Lim (the "Insured").  (Doc. 1 at ¶¶ 2, 21). On or around January 22, 2002, Plaintiff received a Life Service Request Form naming the following primary beneficiaries and allocations for the Policy: "Bi Bi Lim 35%; Kyi Aung, 35%; Winston Lim 9%; Celestine Lim 6%' Venancio Lim 5%; Willie Lim 5%; and Peter Lim 5%."  *Id*. at ¶ 22.  Plaintiff acknowledged the Life Service Request Form and confirmed the beneficiaries named therein on January 24, 2002.  *Id*. at ¶ 23.  On or around March 16, 2020, Plaintiff received an unsigned Beneficiary Designation Supplement ("BDS") form naming Tiffany Aung and Crystal Aung as primary beneficiaries of the Policy in equal shares.  *Id*. at ¶ 24.  Plaintiff did not process the BDS form because it was unsigned.  *Id*. at ¶ 25.

On or around July 22, 2020, the Kern County Superior Court entered a judgment of dissolution of marriage ending the marriage of the Insured to Kyi Aung.  *Id*. at ¶ 26.  On May 3, 2022, the Insured passed away.  *Id*. at ¶ 29.  According to Plaintiff, the proceeds of the Policy are the face value of $500,000 minus any loss against the Policy plus applicable interest, if any.  *Id*. at ¶ 30.  Plaintiff notes "[b]ecause interest may need to be added to the face value, the amount of the proceeds cannot be determined until a check is issued."  *Id*.

Thereafter, the 2002 Beneficiaries (Bi Bi Lim, Winston Lim, Willie Lim, Peterson Lim, and Kyi Aung) submitted claim forms to Plaintiff seeking the proceeds.  *Id*. at ¶ 31.  Both 2020 Beneficiaries (Tiffany Aung and Crystal Aung) also submitted claim forms to Plaintiff seeking the proceeds.  *Id*. at ¶ 32.  Additionally, Kyi Aung claimed a share of the proceeds on behalf of the Estate of Caroline Lim as personal representative.  *Id*. at ¶ 33.

On March 23, 2023, Plaintiff initiated this action with the filing of a complaint in interpleader. (Doc. 1).  On April 18, 2023, Tiffany Aung, Crystal Aung, and Kyi Aung individually, and as personal representative of the Estate of Caroline Lim (hereinafter collectively "Aung Defendants") filed answers to the complaint.  (Docs. 12-13).  Plaintiff filed a motion for service by publication on June 1, 2023. (Doc. 16).  On June 21, 2023, the Court issued an order granting in part and denying in part Plaintiff's

motion for service by publication. (Doc. 20). In July 2023, the Lim Defendants filed answers to the complaint. (Docs. 22-24).

On October 6, 2023, Plaintiff filed the instant motion for interpleader deposit, discharge and dismissal. (Doc. 33). Plaintiff asserts it has satisfied all the requirements for statutory interpleader. *Id*. at 4. Specifically, Plaintiff claims there is a single fund at issue, there are adverse claimants to the proceeds, and Plaintiff has a reasonable fear of multiple liability because the Lim Defendants and Aung Defendants have not been able to resolve their differences and continue to claim the proceeds. *Id*. Plaintiff contends had it chosen one set of beneficiaries over the other, the side not chosen would have sued Plaintiff. *Id*.

Plaintiff requests the Court: (1) grant it leave to deposit the proceeds into the Court registry, (2) discharge it from further liability, (3) issue an order restraining the claimants to the proceeds from instituting or prosecuting any proceeding in any state or United States court affecting the proceeds, (4) make the aforementioned injunction permeant at the appropriate time, and (5) dismiss it from this action with prejudice. *Id*. at 4-5. Further, Plaintiff requests an award of its reasonable attorney fees and costs incurred in this action. *Id*. at 5.

On October 20, 2023, Lim Defendants filed a partial opposition to Plaintiff's request for discharge from liability, dismissal with prejudice, and request for attorney's fees and costs. (Doc. 37). Lim Defendants do not oppose Plaintiff's request to deposit the proceeds into the Court's registry. *Id*. at 3. Lim Defendants argue Plaintiff has failed to perform under the terms of the Whole Life Policy, acted in bad faith, and created the instant dispute as to the proceeds of the insurance policy. *Id*. Lim Defendants assert they intended and continue to intend to file a cross-complaint based on the contention that Plaintiff acted in bad faith and in violation of the terms of the life insurance policy and general provisions thereof. *Id*. at 3, 6-7.

Lim Defendants assert Plaintiff's request for injunctive relief is overbroad, premature, and beyond the scope of 28 U.S.C. § 2361. *Id*. at 4-5. Lim Defendants asserts injunctive relief, of any sort, is not necessary to prevent the rival claimants from instituting competing proceedings against Plaintiff because no defendant has sought to commence a parallel suit to recover the Policy proceeds. *Id*. at 5. Next, Lim Defendants argue § 2361 does not contemplate summarily absolving an interpleader plaintiff

of independent liability that it may owe to claimant defendants. *Id*. Lim Defendants contend that Plaintiff is not blameless and "it is unclear if [Plaintiff] has independent liability to Interpleader Defendants, and the Court cannot issue a complete discharge of liability at this time." *Id*. Lim Defendants assert discovery may reveal defects in Plaintiff's conduct and relevant causes of actions in this matter. *Id*. at 6.

Lim Defendants argue Plaintiff is not entitled to attorney's fees and costs because it has not acted in good faith. *Id*. at 6. Lim Defendants claim Plaintiff has "made no showing that this matter has involved any atypical, complex issues or proceedings, that it does not regularly address conflicting claims to policy proceeds, or that it has incurred any extraordinary expenses or been required to obtain to unique services." *Id*. Lim Defendants aver this dispute is of Plaintiff's own making and it would be inappropriate for Plaintiff to shift the costs of this action to the insured or beneficiaries. *Id*.

On October 30, 2023, Plaintiff filed a reply to Lim Defendant's partial opposition. (Doc. 38). Plaintiff asserts Lim Defendants "have not alleged a single fact tending to show that [Plaintiff] was negligent, 'acted in bad faith' or 'created the instant dispute as to the proceeds of the insurance policy.'" *Id*. at 2. Plaintiff asks the Court to reject any suggestion that it is liable because it failed to choose one set of beneficiaries over the other. *Id*. at 3. Plaintiff asserts interpleader protects the stakeholder from having to choose which claimant has the better claim. *Id*. (citing *Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1009 (9th Cir. 2012)).

Plaintiff separately asks the Court to reject Lim Defendant's "conclusory allegations" that it is liable independent of the policy proceeds. *Id*. at 4. Plaintiff asserts Lim Defendants have not given the Court any reason to delay or deny discharging it from further liability beyond conclusory statements and conjecture. *Id*. at 5. Plaintiff argues an injunction in this action is appropriate because Plaintiff would suffer irreparable harm if it deposited the proceeds with this Court but then had to face claims to said proceeds in other courts. *Id*. Plaintiff further requests that the injunction be made permanent and with prejudice as Lim Defendants failed to provide evidence or case law to support their opposition to discharge Plaintiff from liability or that it had acted in bad faith. *Id*. at 6-7 (citing *Field v. United States*, 424 F. Supp. 3d 904, 910-11 (E.D. Cal. 2019)). Plaintiff argues the Court should award fees as it is a

disinterested stakeholder, it had conceded liability, will deposit the funds into the court, and has sought a discharge from liability. *Id*. at 7.

Given the lack of any opposition to Plaintiff's request to deposit funds, on February 9, 2024, the Court authorized Plaintiff to deposit interpleader funds into the Court's registry. (Doc. 43).

**Legal Standard**

"Interpleader is a procedural device used to resolve conflicting claims to money or property. It enables a person or entity in possession of a tangible *res* or fund of money (the 'stakeholder') to join in a suit two or more 'claimants' asserting mutually exclusive claims to that stake." *MacPherson-Pomeroy v. N. Am. Co. for Life & Health Ins.*, No. 1:20-cv-00092-DAD-BAM, 2022 WL 1063039, at *5 (E.D. Cal. Apr. 8, 2022) (quoting *Great Wall De Venezuela C.A. v. Interaudi Bank*, 117 F. Supp. 3d 474, 481 (S.D.N.Y. 2015)). "Both Rule 22 and the interpleader statute allow a party to file a claim for interpleader if there is a possibility of exposure to double or multiple liability." *Lee*, 688 F.3d at 1009; *Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th Cir. 2010) ("The purpose of interpleader is for the stakeholder to 'protect itself against the problems posed by multiple claimants to a single fund.'") (quoting *Minn. Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 980 (9th Cir. 1999)).

An interpleader action typically involves two stages. *Mack*, 619 F.3d at 1023 (citation omitted). "In the first stage, the district court decides whether the requirement for [a] rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund." *Id*. "If the district court finds that the interpleader action has been properly brought the district court will then make a determination of the respective rights of the claimants." *Id*. at 1023-24. "The two stages to an interpleader action need not be bifurcated; 'the entire action may be disposed of at one time.'" *MacPherson-Pomeroy*, 2022 WL 1063039, at *5 (quoting *W. Conf. of Teamsters Pension Plan v. Jennings*, No. C-10-03629 EDL, 2011 WL 2609858, at *5 (N.D. Cal. June 6, 2011)). "The second stage of an interpleader action may be adjudicated at summary judgment when there is no material dispute of fact…and each claimant has the burden of establishing his or her right to the fund or property by a preponderance of the evidence." *MacPherson-Pomeroy*, 2022 WL 1063039, at *5 (citations and quotation marks omitted).

There are two mechanisms for invoking interpleader—statutory interpleader under 28 U.S.C. § 1335 and rule interpleader Rule 22—and their jurisdictional requirements differ. For statutory interpleader, the following requirements must be satisfied: (1) there must be two or more adverse claimants of diverse citizenship, and (2) the plaintiff must have custody or possession of at least $500 of money or property, or bond equivalent to the value of the dispute money or property, deposited into the registry of the court. *See* 28 U.S.C. § 1335. "Statutory interpleader has been 'uniformly construed to require only minimal diversity, that is, diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens.'" *MacPherson-Pomeroy*, 2022 WL 1063039, at *5 (quoting *State Far, Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967)). In contrast, rule interpleader under Rule 22 is a procedural device only and requires that jurisdiction must be proper under 28 U.S.C. §§ 1331 or 1332. *Id.* (citing *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1382 (9th Cir. 1988)).

**Discussion**

Plaintiff asserts this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1335 because there are at least two adverse claimants of diverse citizenship (Michigan, New York, and California) and the amount Plaintiff sought to (and now has) deposited with the Court exceeds $500. (Doc. 1 at ¶ 1).

Here, Plaintiff initiated this action because it had possession of money, namely the Policy proceeds at an estimated face value of $500,000 minus any loss against the Policy plus applicable interest, if any. *Id.* at ¶ 30. The amount in controversy exceeds $500 as required under 28 U.S.C. § 1335(a). Further, the adverse claimants have diverse citizenship. Defendants Bi Bi Lim, Celestine Lim, Venancio Lim, and Peterson Lim are citizens of Michigan. *Id.* at ¶¶ 5, 7-8, 10. Defendants Tiffany Lim, Crystal Lim, and Kyi Aung are citizens of California. *Id.* at ¶¶ 11-13. Defendant Willie Lim is a citizen of New York. *Id.* at ¶ 9.

Deposit of the funds into the Court's registry is also a jurisdictional requirement. *Gelfgren v. Republic Nat'l Life Ins. Co.*, 680 F.2d 79, 81-82 (9th Cir. 1982).

Pursuant to Federal Rule of Civil Procedure 67, "a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it." Fed. R. Civ. 67(a). The primary purpose of Rule 67 is to relieve a party who holds a

contested fund from responsibility for the disbursement of that fund among those claiming some entitlement thereto. *Lasheen v. Loomis Co.*, No. 2:01-cv-00227-KJM-EFB, 2018 WL 4679305, at *3 (E.D. Cal. Sep. 28, 2018) (citing *Alstom Caribe, Inc. v. George P. Reintjes Co., Inc.*, 484 F.3d 106, 113 (1st Cir. 2007)).  The Court's decision to allow the deposit of property pursuant to Rule 67 is discretionary.  *Id.* (citing *Gulf States Util. Co. v. Alabama Power Co.*, 824 F.2d 1465, 1475 (5th Cir. 1987)).

No defendant opposes Plaintiff's deposit of the proceeds of the Policy into the Court's registry. *See* (Doc. 37 at 6).  Accordingly, on February 9, 2024, the Court granted Plaintiff leave to deposit the fund at issue in the registry of the Court.  (Doc. 43).  According to information from the office of the Clerk of the Court, Plaintiff thereafter transmitted $450,446.43 for deposit into the Court's registry. Because Plaintiff has disavowed any interest in the fund at issue, the Court finds that Plaintiff meets the requirements for statutory interpleader.

As noted above, Plaintiff requests the Court to (1) discharge it from further liability, (2) issue an order restraining the claimants from instituting or prosecuting any proceeding in any state or United States court affecting the proceeds, (3) that such injunction be made permanent at the appropriate time, and (4) dismiss it from this action with prejudice.  (Doc. 33 at 4-5).

"Once the court determines that [] interpleader is proper, it may discharge the stakeholder from further liability." *Great Am. Life Ins. Co. v. Brown-Kingston*, No. 2:18-cv-02783-MCE-KJN, 2019 WL 8137717, at *2 (E.D. Cal. May 14, 2019) (citing *Transamerica Life Ins. Co. v. Shubin*, No. 1:11-cv-01958-LJO-SKO, 2012 WL 2839704, at *6 (E.D. Cal. July 10, 2012)).  A court should readily discharge a disinterested stakeholder from further liability absent a stakeholder's bad faith in commencing an interpleader action, potential independent liability to a claimant, or failure to satisfy requirements of rule or statutory interpleader.  *OM Fin. Life Ins. Co. v. Helton*, No. 2:09-1989 WBS EFB, 2010 WL 3825655, at *3 (E.D. Cal. Sept. 28, 2010); *see Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 264 (3d Cir. 2009) ("The modern approach…is that, where a claimant brings an independent counterclaim against the stakeholder, the stakeholder is kept in the litigation to defend against the counterclaim, rather than being dismissed after depositing the disputed funds with the court."); *see also New York Life Ins. Co. v. Connecticut Dev. Auth.,* 700 F.2d 91, 96 (2d Cir. 1983) ("Judgement discharging the stakeholder

in an interpleader action may, of course, be delayed or denied if there are serious charges that the stakeholder commenced the action in bad faith.").

Lim Defendants do not object to dismissing Plaintiff with respect to liability regarding the proceeds but assert that such dismissal should be without prejudice to any independent claim of liability. (Doc. 37 at 6). In support of their opposition, Lim Defendants cite to *Lee* and *Hovis* for the proposition that interpleader was never intended to be an all-encompassing "get-out-of-jail-free card." *Id*. at 5. Those courts recognized that interpleader protection does not extend to counterclaims that are not claims to the interpleaded funds. *Lee*, 688 F.3d at 1014. "Though an insurance company can, and should, interplead when there is a dispute as to who the proper beneficiary of a life insurance policy, doing so only prevents a breach of contract claim for failure to perform under the policy. It does not protect an insurance company from a breach of contract arising out of some other set of facts." *Lincoln Nat'l Life Ins. Co. v. Graham*, No. 2:12-CV-02177-SVW-RZ, 2012 WL 12893937, at *3 (C.D. Cal. Sept. 6, 2012).

Here, Lim Defendants offer nothing more than general and conclusory assertions that Plaintiff "failed to perform under the terms of the Whole Life Policy, acted in bad faith, and created the instant dispute as to the proceeds of the insurance policy." (Doc. 37 at 3). While Lim Defendants have expressed an interest in filing a counterclaim against Plaintiff (*see id.* at 3, 6-7), they have not given action to their words with the filing of any such pleading. Instead, Lim Defendants, in essence, request they be provided an opportunity to search for an independent claim against Plaintiff.

Plaintiff argues this case is similar to *Field* as "the Lim Defendants have not given the Court any reason to delay or deny discharging [Plaintiff] from further liability…" (Doc. 38 at 5, citing 424 F. Supp. 3d at 910). The Court agrees. In *Field*, the court rejected the defendants' request to deny discharge, in part because defendants failed to show bad faith and that the interpleading party was independently liable. *Id.* at 909-910. The *Field* court found defendants had failed to provide evidence or case law that otherwise may have convinced the Court that Plaintiff's actions constituted bad faith. *Id*. at 910. The *Field* court determined the interpleading party was not independently liable for an unsupported breach of fiduciary claim. *Id*. at 909-10. Further, the *Field* court rejected defendants' argument that a court should deny discharge if there is a "mere possibility" Plaintiff may be liable for

8

some harm related to the disputed funds. *Id*. at 910. Thereafter, the *Field* court held that dismissal with prejudice was appropriate. *Id*. at 911-12.

Likewise here, where Lim Defendants point only to a "mere possibility" Plaintiff may be independently liable, the Court finds it is appropriate to discharge and dismiss Plaintiff from the case. Accord *United States Life Ins. Co. in City of New York v. Brown*, No., 2018 WL 11347315, at *3 (C.D. Cal. Oct. 16, 2018) ("A substantial portion of Ms. Brown's argument is devoted to allegations of bad faith … . This dispute is far afield from the narrow issue of discharge before the Court and is also premature as no discovery has yet taken place."). To the extent Lim Defendants seek to develop some theory regarding Plaintiff's liability to them, Plaintiff remains subject to the Court's subpoena power and could be compelled to produce relevant documents in its possession. *Id.*

"Where an interpleader action is properly filed, the Court may, in its discretion, enjoin claims against the interplead stake in any venue outside the interpleader action [to] prevent the multiplicity of actions and reduce the possibility of inconsistent determinations or inequitable distribution of the fund." *Exec. Risk Speciality Ins. Co. v. Rutter Hobbs & Davidoff Inc.*, No. CV 11-4828-GAF (FFMx), 2012 WL 12861185, at *8 (C.D. Cal. March 20, 2012) (citing *Mid-Am. Indem. Co. v. McMahan*, 666 F. Supp. 926, 928 (S.D. Miss. 1987)); 28 U.S.C. § 2361. Because the Court determines that the present interpleader action is proper, Plaintiff's request for permanent injunction as to claims affecting the life insurance proceeds will be granted.

Additionally, Plaintiff requests an award of reasonable attorney fees and costs in the amount of $12,998.79. (Doc. 33 at 6). "[C]ourts have discretion to award attorney fees to a disinterested stakeholder in an interpleader action." *Abex Corp. v. Ski's Enterprises, Inc.*, 748 F.2d 513, 516 (9th Cir. 1984). "[T]he proper rule [] in an action in the nature of interpleader, is that the plaintiff should be awarded attorney fees for the services of his attorneys in interpleading." *Schirmer Stevedoring Co., Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 194 (9th Cir. 1962).

"[B]ecause the attorneys' fees are paid from the interpleaded fund itself, there is an important policy interest in seeing that the fee award does not deplete the fund at the expense of the party who is ultimately deemed entitled to it." *Id*. "[A]n insurance company, for example, avails itself of interpleader to resolve disputed claims to insurance proceeds—disputes that arise with some modicum

9

of regularity…[u]nlike innocent stakeholders who unwittingly come into possession of a disputed asset, an insurance company can plan for interpleader as a regular cost of business and, therefore, is undeserving of a fee award*.*" *In re Mandalay Shores Co-Op Housing Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994); *see Aaron v. Mahl*, 550 F.3d 659, 667 (7th Cir. 2008) ("[A] court may award attorneys' fees and costs to a prevailing stakeholder in an interpleader action if the costs are determined to be reasonable and the stakeholder's efforts are not part of its normal course of business."). In an interpleader action, a court has broad discretion not only with respect to whether to allow attorney's fees to be deducted from the policy but also with respect to the amount of fees to which an interpleader plaintiff is entitled. *See Trustees of Directors Guild of America Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000).

Here, Counsel for Plaintiff asserts her law firm, Polsinelli LLP, has "expended more than 60 hours of attorney time on this matter, which would ordinarily have cost [Plaintiff] more than $32,000 in attorney fees." (Doc. 33 at 7). Counsel for Plaintiff states Polsinelli performed all work on this matter for a flat fee of $6,000. *Id*. Counsel for Plaintiff represents to date, Plaintiff has expended $6998.79 in costs. *Id*. at 8. Specifically, $402 in court filing fees, $62.99 in postage, and $6,533.80 in investigator and private process server expenses, totaling $6,998.79. *Id*.

While the Court finds that an award of costs of suit is reasonable here, Plaintiff's counsel has failed to provide itemized billing statements with a breakdown of the hours performed on identified legal tasks. Nor has Counsel for Plaintiff provided information about the hourly billing rate for each attorney who has performed work on this case. Without this information, the Court has no means to determine that the requested amount for attorney's fees is reasonable and appropriate. Accordingly, the Court will permit Counsel for Plaintiff to file a supplemental accounting responsive to these discrepancies, and Defendants will have an opportunity to respond.

**Conclusion and Order**

For the reasons set forth above, IT IS HEREBY ORDERED:

1. Plaintiff's motion (Doc. 33) is GRANTED IN PART and DENIED IN PART, as follows;
2. Defendants are enjoined and restrained from instituting or prosecuting further any proceeding in any state or United States court, including this Court, either at law or in

equity against Plaintiff regarding the life insurance proceeds underlying this action, until further order from the Court;

3. Plaintiff's request for costs in the amount of $6,998.79 is GRANTED, which amount shall be paid by the Clerk of the Court from the amount currently on deposit;

4. Plaintiff is discharged from further liability under 28 U.S.C. § 2361;

5. Any party, person, or entity to whom any portion of the life insurance proceeds is eventually disbursed shall (1) advise Plaintiff's counsel of record of the amount, and (2) shall provide Plaintiff's counsel of record with a fully executed IRS Form W-9 to allow Jackson to complete its tax reporting obligations;

6. Upon the docketing of a notice confirming the deposit of the policy proceeds into the Court registry and the payment of requested costs, the Clerk of the Court is DIRECTED to dismiss Plaintiff from this action without prejudice (no further motion for dismissal shall be required); and

7. Within seven (7) days of entry of this Order, Plaintiff SHALL FILE an accounting of its fees, if any, and Defendants may file a response within seven (7) days thereafter.

IT IS SO ORDERED.

Dated: **February 21, 2024**

UNITED STATES MAGISTRATE JUDGE

11