1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

8   JACKSON NATIONAL LIFE
    INSURANCE COMPANY,

9                           Plaintiff,

10

11          v.

    BI BI LIM, *et al*.,

12

13                          Defendants.

14

Case No. 1:23-cv-00442-CDB

ORDER GRANTING PLAINTIFF'S
UNOPPOSED MOTION FOR ATTORNEY
FEES

(Docs. 33, 45, 49)

15          On October 6, 2024, Plaintiff Jackson National Life Insurance Company filed a motion for

16   leave to deposit proceeds, for an award attorney's fees and costs, for discharge from liability, and

17   for dismissal from this action with prejudice.  (Doc. 33).[1]  On February 21, 2024, the Court issued

18   an order granting in part and denying in part Plaintiff's motion.  (Doc. 45).  The Court found that

19   while an award of costs of suit was reasonable, in connection with it request for award of

20   attorney's fees, Plaintiff's counsel had failed to provide itemized billing statements with a

21   breakdown of the hours performed and the hourly billing rate for the work performed.  *Id*. at 10.

22   The Court permitted counsel for Plaintiff to file a supplemental accounting responsive to these

23   discrepancies and Defendants to respond.  *Id*.

24          On February 27, 2024, counsel for Plaintiff filed a motion for attorney fees and

25   supplemental accounting.  (Doc. 49).  Counsel for Plaintiff asserts Polsinelli LLP performed all

26   work on this matter through 2023 for a flat fee of $6,000.  *Id*. at 2.  Counsel for Plaintiff notes

27

28

---

[1] On September 28, 2023, the parties consented to the jurisdiction of the United States Magistrate
Judge and the action has been reassigned to Magistrate Judge Christopher D. Baker for all purposes
pursuant to 28 U.S.C. § 636(c)(1).  (Doc. 30).

1    Polsinelli billed 48.9 hours on this matter at a standard rate of $395.00/hour, for a total amount of

2    $19,299.50.  *Id.*  Counsel for Plaintiff has attached an itemized billing statement in support of the

3    motion.  (Doc. 49-1).  Defendants did not respond to counsel for Plaintiff's motion and their non-

4    response is construed as a non-opposition.  *See* Local Rule 230(c).

5           Courts generally have discretion to award attorneys' fees to a disinterested stakeholder in

6    an interpleader action.  *See Tr. of Dirs. Guild of Am.-Producer Pension Benefits Plans v. Tise*,

7    234 F.3d 415, 426-27 (9th Cir. 2000); *Abex Corp. v. Ski's Enters., Inc.*, 748 F.2d 513, 516 (9th

8    Cir. 1984). The stakeholder is typically compensated for reasonable attorney's fees out of the

9    interpleader fund deposited in the court.  *Tise*, 234 F.3d at 427.

10          As a general matter, a court will award fees from the proceeds whenever: (1) the party

11   seeking fees is an "a disinterested stakeholder, (2) who had conceded liability, (3) has deposited

12   the funds into court, and (4) has sought a discharge from liability."  *Septembertide Publ'g v. Stein*

13   *& Day, Inc.*, 884 F.2d 675, 683 (2d Cir. 1989).

14          Based on the record before the Court, it appears that Plaintiff has met all of the criteria for

15   being awarded attorneys' fees.  The Ninth Circuit has indicated that attorneys' fees in an

16   interpleader action are limited to time expended on preparing the complaint, obtaining service of

17   process on the claimants to the fund, obtaining default judgment, and preparing an order

18   discharging the plaintiff from liability and dismissing it from the action.  *See Tise*, 234 F.3d at

19   426-27.  Because the scope of compensable expenses is limited, an attorneys' fee award to the

20   disinterested interpleader plaintiff typically is modest.  This furthers the "important policy

21   interest" in seeing that the fee award does not unduly deplete the fund of those entitled to it.  *Id*. at

22   427.

23          Counsel for Plaintiff's representations and billing statements reflect that the requested fee

24   award is reasonable.  Further, other judges within the Eastern District of California generally have

25   awarded fees and costs close to the amount requested.  *United States of America for the use of*

26   *Terry Bedford Concrete Construction, Inc. v. Argonaut Ins. Co.*, No. 1:23-cv-00130-JLT-CDB,

27   2024 WL 199273, at *7 (E.D. Cal. Jan. 18, 2024) (awarding $3,000.00 in attorneys' fees and

28   costs); *Transamerica Life Ins. Co. v. Shubin*, No. 1:11-cv-01958-LJO-SKO, 2012 WL 2839704

1  (E.D. Cal. Jul. 10, 2012) (awarding $7,164.25 in attorneys' fees and costs).  Accordingly, in light

2  of the lack of opposition thereto, the Court will grant counsel for Plaintiff's fee request in its

3  "broad discretion" to award attorneys' fees.

4       Accordingly, IT IS HEREBY ORDERED:

5    1.  Plaintiff's motion for award of attorney's fees (Doc. 49) is GRANTED; and

6    2.  The Clerk of the Court shall issue a check from the amount currently on deposit to

7        Jackson National Life Insurance Company for its attorney fees in the amount of $6,000

8        and shall send the check to: Jackson National Life Insurance Company; Attn: Casey M.

9        Stevenson; 1 Corporate Way; Lansing, MI 48951.

10  IT IS SO ORDERED.

11    Dated:   **March 25, 2024**

12                     UNITED STATES MAGISTRATE JUDGE