1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JACKSON NATIONAL LIFE                 Case No. 1:23-cv-00442-CDB
     INSURANCE COMPANY,
12                                         ORDER RE: DEFENDANT CELESTINE
                    Plaintiff,             LIM'S MOTION FOR SUBSTITUTION
13
14        v.                               (Doc. 61)

15   BI BI LIM. *et al*.,                  **14-Day Deadline**

16                  Defendants.

17

18        Pending before the Court is Defendant Celestine Lim's motion for substitution of

19   Defendant Winston Lim.  (Doc. 61).  No party filed an opposition to the motion and the time to

20   do so has expired.  *See* Local Rule 230(c).  The Court deems the motion for substitution noticed

21   for hearing on August 23, 2024, suitable for decision without argument pursuant to Local Rule

22   230(g).  As such, the August 23, 2024, hearing will be vacated.

23   **Background**

24        On March 23, 2023, Plaintiff Jackson National Life Insurance Company ("Plaintiff")

25   initiated this action with the filing of a complaint in interpleader against Defendants Bi Bi Lim,

26   Winston Lim, Celestine Lim, Venancio Lim, Peterson Lim, Willie Lim, Tiffany Aung, Crystal

27   Aung, and Kyi Aung individually and as personal representative of the Estate of Caroline Lim

28

1   ("Defendants").  (Doc. 1).[1]  Plaintiff filed a suggestion of death upon the record as to Defendant

2   Winston Lim on June 16, 2023.  (Doc. 17).  On February 21, 2024, the Court noted it was unclear

3   whether the suggestion of death was served on the parties and non-parties in accordance with the

4   applicable rules and whether Rule 25(a)(1)'s 90-day period was triggered.  (Doc. 46).  The Court

5   directed the parties to file any notice of suggestion of Defendant Winston Lim's death with the

6   proper service of notice pursuant to Federal Rule of Civil Procedure 25(a).  *Id.*

7        On May 8, 2024, Plaintiff filed a renewed notice of suggestion of death as to Defendant

8   Winston Lim.  (Doc. 58).  On May 10, 2024, the Court issued an order notifying the parties that

9   the 90-day period for substitution of Defendant Winston Lim pursuant to Rule 25(a)(1) had

10  commenced by Plaintiff's filing and service of a notice of suggestion of death.  (Doc. 60).  On

11  July 16, 2024, Defendant Celestine Lim filed the instant motion for substitution of parties.  (Doc.

12  61).  In support of her motion, Defendant Celestine Lim has filed a declaration and a copy of a

13  Macomb County, Michigan probate court order appointing her as a personal representative for the

14  Estate of Winston Lim.  (Docs. 61-1; 61-2).

15  **Legal Standard**

16        Federal Rule of Civil Procedure 25(a)(1) provides: if a party dies and the claim is not

17  extinguished, the court may order substitution of the proper party.  Fed. R. Civ. P. 25(a)(1).  A

18  motion for substitution may be made by any party or by the decedent's successor or

19  representative.  *Id*.  If any such motion for substitution is made more than 90 days after service of

20  a statement noting the death, the action by or against the decedent must be dismissed.  *Id*.

21        In evaluating a Rule 25(a)(1) motion, the Court must consider whether: (1) the motion is

22  timely; (2) the claims pled are extinguished; and (3) the person being substituted is the proper

23  party.  *Maseda v. Saul*, No. 1:20-cv-01657-JLT, 2021 WL 2268871, at *1 (E.D. Cal. June 3,

24  2021).  If the requirements of Rule 25(a)(1) are met, "[t]he substituted party steps into the same

25  position as [the] original party."  *Id.* (quoting *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th

26  Cir. 1996)).  "Rule 25(a) should be applied flexibly and liberally to permit substitution of the

27

28        [1] On May 10, 2024, Plaintiff Jackson National Life Insurance Company was dismissed
    from this action with prejudice as to all claims relating to the disputed funds.  (Doc. 59).

party or parties who…would adequately represent [the decedent's] interests." *Id.* (quoting *In re Baycol Prods. Litig.*, 616 F.3d 778, 789 (8th Cir. 2010)).

**Discussion**

Defendant Winston Lim died on April 23, 2023.  (Doc. 17-1).  A suggestion of death was filed on the record and the suggesting party served the notice on Defendant Celestine Lim, the appointed personal representative of the Estate of Winston Lim, on April 25, 2024.  (Doc. 58); *See Gilmore v. Lockard*, 936 F.3d 857, 865 (9th Cir. 2019) (Rule 25 requires a party must formally suggest the death of the party upon the record and the suggesting party must serve other parties and non-party successors or representatives of the deceased).  Defendant Celestine Lim filed the instant motion on July 16, 2024.  (Doc. 61).  Thus, the 90-day period required by Rule 25 has not expired and the motion is timely.

Substitution under Rule 25 requires that the underlying claims survive the death of the party who passed away.  Fed. R. Civ. P. 25(a)(1).  A motion for substitution can be granted only for claims not extinguished by death.  *Id.*  The Court must examine each claim independently. *Bailey v. Macfarland*, No. 2:15-cv-01725-TLN-DB, 2020 WL 5763825, at *2 (E.D. Cal. Sep. 28, 2020) (citing *Hawkins v. Eads*, 135 B.R. 380, 384-85 (E.D. Cal. 1991)).

To determine whether a cause of action survives a party's death, the court must look to the law, state or federal, under which the cause arose.  *Bailey*, 2020 WL 5763825, at *3.  In interpleader actions, the district court applies the substantive law of the forum state, California in this case. *Jackson Nat'l Life Ins. Co. v. Cabrera*, 48 Fed. Appx. 618, 619 (9th Cir. 2002) (citing *Equitable Life Assurance Soc'y v. McKay*, 837 F.2d 904, 905 (9th Cir. 1988)).  Under California law, a cause of action for or against a person is not lost by reason of the person's death but survives subject to the applicable limitations period.  Cal. Code Civ. Proc. § 377.20(a).  Also under federal common law, "claims that are remedial in nature survive the claimant's death…" *EEOC v. Timeless Invs., Inc.*, 734 F. Supp. 2d 1035, 1057 (E.D. Cal. 2010); *United States v. Oberlin*, 718 F.2d 894, 896 (9th Cir. 1983).  As Defendant Winston Lim's claim, as a beneficiary, is remedial in nature and was made within the applicable limitations period, his claim survived his passing under Rule 25(a).

Lastly, the Court must determine whether Defendant Celestine Lim is the proper party.  In California, an action that survives the death of a party entitled to bring the action passes to the decedent's successor in interest, subject to Cal. Code Civ. Proc. § 377.30.  An action may be initiated by a decedent's personal representative or, if there is no personal representative, by the decedent's successor in interest.  *Id.*  A decedent's "'personal representative' is the person or firm appointed by the probate court to administer the probate of a decedent's estate."  *Cotta v. County of Kings*, 79 F. Supp. 3d 1148, 1158 (E.D. Cal. 2015) (quoting *Miller v. Campbell, Warburton, Fitzsimmons, Smith, Mendel & Pastore*, 162 Cal. App.4th 1331, 1340 (2008)).

In addition, California's Code of Civil Procedure provides that:

(a) The person who seeks to commence an action or proceeding or to continue a pending action or proceeding as the decedent's successor in interest under this article, shall execute and file an affidavit or a declaration under penalty of perjury under the laws of this state stating all of the following:

(1) The decedent's name.

(2) The date and place of the decedent's death.

(3) "No proceeding is now pending in California for administration of the decedent's estate."

(4) If the decedent's estate was administered, a copy of the final order showing the distribution of the decedent's cause of action to the successor in interest.

(5) Either of the following, as appropriate, with facts in support thereof:

(A) "The affiant or declarant is the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding."

(B) "The affiant or declarant is authorized to act on behalf of the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the action or proceeding."

(6) "No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding."

(7) "The affiant or declarant affirms or declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct."

4

(b) Where more than one person executes the affidavit or declaration under this section, the statements required by subdivision (a) shall be modified as appropriate to reflect that fact.

(c) <u>A certified copy of the decedent's death certificate shall be attached to the affidavit or declaration</u>.

Cal. Civ. Proc. Code § 377.32 (emphasis added).

As discussed above, Defendant Celestine Lim submitted a declaration in support of her motion. (Doc. 61-2). Defendant Celestine Lim declares her brother, Winston Lim, passed away on April 23, 2023, in Macomb County, Michigan. (Doc. 61-2 at ¶ 1). Defendant Celestine Lim asserts she is Winston Lim's successor in interest and has been designated as the personal representative of the estate. *Id*. at ¶¶ 2-3. Defendant Celestine Lim states no proceeding is now pending in California for the administration of the decedent's estate and no other person has a superior right to commence the action or proceed or to be substituted for the decedent in the pending action or proceeding. *Id*. at ¶¶ 4-5. Defendant Celestine Lim attached to her declaration a letter of authority for personal representative. (Doc. 61-1 at 1-2). Defendant Celestine Lim also attached an order regarding inventories and accounts, an order on formal proceedings, and an order determining that the case/matter is not suited for the use of videoconferencing. *Id*. at 3-6.

Defendant Celestine Lim did not attach a certified copy of Plaintiff's death certificate as required under Cal. Civ. Proc. Code § 377.32(c). Once the Court receives this document, a ruling will be issued on the motion for substitution.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED, that within 14 days from the date of this order, Defendant Celestine Lim shall file the appropriate declaration and a certified copy of the death certificate attached.

IT IS SO ORDERED.

Dated:   **August 6, 2024**                    _____

UNITED STATES MAGISTRATE JUDGE

5