UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKSON NATIONAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BI BI LIM, WINSTON LIM, CELESTINE LIM, VENANCIO LIM, WILLIE LIM, PETERSON LIM, TIFFANY AUNG, CRYSTAL AUNG, KYU AUNG, KYI AUNG as Personal Representative of the ESTATE OF CAROLINE LIM, AND DOES 1 through 10,<br><br>Defendants. | Case No. 1:23-cv-00442-CDB<br><br>ORDER ON STIPULATION AMENDING SCHEDULING ORDER *NUNC PRO TUNC* AS MODIFIED<br><br>(Doc. 74) |

On March 23, 2023, Plaintiff Jackson National Life Insurance Company ("Plaintiff") initiated this action with the filing of a complaint in interpleader against Defendants Bi Bi Lim, Winston Lim, Celestine Lim, Venancio Lim, Willie Lim, Peterson Lim, Tiffany Aung, Crystal Aung, Kyi Aung, Kyi Aung as Personal Representative of the Estate of Caroline Lim, and Does 1 through 10 (collectively, "Defendants"). (Doc. 1). The Court convened with the parties for scheduling conference, and, on February 23, 2024, the Court issued its scheduling order. (Doc. 48). The scheduling order set forth the following discovery deadlines and dates: non-expert discovery deadline on October 25, 2024; expert discovery deadline on January 24, 2025; mid-discovery status conference on August 29, 2024; non-dispositive motions filed by February 7,

2025; dipositive motions filed by March 24, 2025; pretrial conference set for June 20, 2025; and jury trial set for August 11, 2025.  *Id.*

On March 22, 2024, the Court issued an order granting Plaintiff's unopposed motion for a sixty-three (63) day extension of time to file a suggestion of death.  (Doc. 52).  On May 10, 2024, the Court ordered the dismissal of Plaintiff as to all claims relating to the disputed funds and directed the Clerk of the Court to terminate Plaintiff.  (Doc. 59).  On August 22, 2024, the Court issued an order vacating the Mid-Discovery Status Conference set for August 29, 2024, and extended the non-expert discovery deadline to November 22, 2024, while retaining all other case management deadlines in the scheduling order (Doc. 48).  (Doc. 66).

On August 21, 2024, the parties filed a joint mid-discovery report.  (Doc. 74, p. 2:16).  On August 22, 2024, Defendants Crystal Aung, Tiffany Aung, and Kyi Aung as personal representative of the Estate of Caroline Lim ("Aung Defendants") propounded set one of discovery on Defendants Bi Bi Lim, Celestine Lim as personal representative of the Estate of Winston Lim, Celestine Lim, Venancio Lim, Willie Lim, and Peterson Lim ("Lim Defendants"), with responses served on October 3, 2024.  *Id.* at 2:19–20.  On September 12, 2024, Lim Defendants propounded set two of discovery on Kyi Aung, and set one of discovery on Tiffany and Crystal Aung, with responses due on October 28, 2024.  *Id.* at 2:21–22.  The deposition of Celestine Lim was scheduled for October 24, 2024.  *Id.* at 2:28.  The depositions of Tiffany Aung and Crystal Aung were scheduled to be conducted on November 7, 2024, and November 12, 2024, respectively.  *Id.* at p. 3:1–2.  The parties attest they have met and conferred with counsel for Plaintiff to obtain relevant documents and testimony.  *Id.* at 3:24–25.  The Court entered the parties' stipulated protective order on October 23, 2024.  (Doc. 75).

Counsel for Lim Defendants has requested available dates to depose Kyi Aung but has not been able to confirm a date.  *Id.* at 3:3–6. Kyi Aung has indicated being available after November 20, 2024, and counsel for Lim Defendants attest they are available to take Kyi Aung's deposition on November 30, 2024.  Counsel for Lim Defendants note they will be out of the country from December 6, 2024, to January 2, 2025.  *Id.* at 3:7–8.  The parties attest they have engaged in good faith settlement negotiations and will be participating in a second mediation session with retired

Judge Bryan Foster on November 26, 2024.  *Id.* at 3:10–11.

Pending before the Court is the parties' stipulated request for order extending by seventy (70) days of the non-expert discovery cut-off deadline to ensure adequate time for the parties to informally resolve pending questions about discovery, engage in settlement discussions, and prepare for dispositive motions.  *Id.* at 3:12–15.  The parties also request to extend the expert discovery cut-off deadline by thirty (30) days to ensure adequate time for the parties to complete non-expert discovery before conducting any necessary expert discovery.  *Id.* at 3:16–18.  Counsel for Defendants attest they have met and conferred on facts and documents as to the existence or validity of a will, as well to Plaintiff's policies, procedures, and determination as to the validity of changes to beneficiaries in this matter.  *Id.* at 3:19–23.

The Court finds good cause exists to extend case management dates to resolve pending questions about discovery, facilitate the scheduled depositions, engage in settlement discussions, and conserve party and Court resources.

In light of the parties' representations in the stipulation (Doc. 74), and for good cause shown, it is HEREBY ORDERED that the scheduling order is amended as follows:

| | |
|---|---|
| **Non-expert discovery** | **January 31, 2025** |
| **Expert disclosure** | **December 23, 2024** |
| **Rebuttal disclosure** | **January 14, 2025** |
| **Expert Discovery Cut-Off** | **February 24, 2025** |

All other case management dates and provisions of the scheduling order (Doc. 48) remain unchanged and in full force and effect.

IT IS SO ORDERED.

Dated:   **November 5, 2024**                                    _____
                                                                                  UNITED STATES MAGISTRATE JUDGE